IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WOOFBEACH, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| STEVE HOLLAND, Individually and | ) | |
| d/b/a BEACH FOR DOGS, BEACH FOR | ) | |
| DOGS AURORA, INC., an Illinois | ) | |
| Corporation, and BEACH FOR DOGS | ) | |
| CORPORATION, an Illinois corporation, | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Woofbeach, Inc. ("Woofbeach"), an Illinois corporation, for its Complaint against Steve Holland, individually and d/b/a Beach for Dogs, Beach for Dogs Aurora, Inc., an Illinois corporation and Beach for Dogs Corporation (Collectively "Holland"), states as follows:

### INTRODUCTION

1. Woofbeach, Inc. is the owner of two (2) registered service marks with the United States Patent and Trademark Office: U.S. Registration Number 4900682 for the word mark WOOFBEACH (the "Woofbeach Word Mark"; a copy of the registration certificate is attached hereto as Exhibit A); and, U.S. Registration Number 4891993 which includes the word WOOFBEACH along with the unique design element consisting of a silhouette of a dog and palm tree (the "Woofbeach Design Mark"; a copy of the registration certificate is attached hereto as Exhibit B)(collectively, the registrations are referred to herein as the "Marks").

2. Woofbeach has been using the Marks in connection with the operation of a popular dog training and grooming business named Woofbeach since as early as 2012 and currently has locations in Geneva and Batavia, Illinois.

3. Holland is the owner and/or operator of multiple businesses and corporate entities using the confusingly similar name "Beach for Dogs" and a logo with nearly identical design elements which provide competing dog training and grooming services at a storefront in Wheaton and kiosks in additional locations.

4. In filing the instant lawsuit, Woofbeach alleges that Holland is conducting a business using a name and logo which are confusingly similar to the Woofbeach Word Mark and the Woofbeach Design Mark which will continue to violate various federal and state laws by infringing upon Woofbeach's registered Marks.

5. Woofbeach further alleges that Holland has tortuously interfered with Woofbeach's business expectancy by misleading and diverting prospective customers of Woofbeach in violation of applicable law.

## THE PARTIES

6. Woofbeach is a corporation organized under the laws of the State of Illinois, with its principal place of business in Batavia, Illinois.

7. Holland, individually and doing business as Beach for Dogs, is an individual with his principal residence in Batavia, Illinois; and Beach for Dogs Aurora, Inc. and Beach for Dogs Corporation are corporations organized under the laws of the State of Illinois. Upon information and belief, Holland maintains his principal place of business for Beach for Dogs in Wheaton, Illinois and is the owner and president of Beach for Dogs Aurora, Inc. and Beach for Dogs Corporation.

## JURISDICTION AND VENUE

8. This court has jurisdiction over Woofbeach's claims pursuant to 15 USC §1121. This court also has supplemental jurisdiction over Woofbeach's state claims, pursuant to 28 USC §1367.

9. Venue is proper in the Northern District of Illinois pursuant to 28 USC §1391.

## ALLEGATIONS COMMON TO ALL CLAIMS

10. Woofbeach began using the service mark Woofbeach, which became the Word Mark registration, and a graphic logo containing the silhouette of a dog and palm tree, which became the Woofbeach Design Mark registration, since as early as 2012 in connection with dog training services and dog grooming services.

11. Woofbeach is the exclusive owner of the Woofbeach Word Mark and the Woofbeach Design Mark.

12. Woofbeach filed its Application for service mark protection with the United States Patent and Trademark Office (the "USPTO") for the Woofbeach Word Mark on May 1, 2015 and the USPTO issued U.S. Federal Registration 4900682 for the for the Woofbeach Word Mark on February 16, 2016.

13. The Woofbeach Word Mark Federal Registration 4900682 consists of the word WOOFBEACH.

14. The Woofbeach Word Mark Federal Registration 4900682 is for dog training services and dog grooming services.

15. Woofbeach filed its Application for service mark protection with the USPTO for the Woofbeach Design Mark on May 1, 2015 and the USPTO issued U.S. Federal

Registration 4900682 for the for the Woofbeach Design Mark on January 26, 2016.

16. The Woofbeach Design Mark Federal Registration 4900682 consists of the stylized wording "WOOFBEACH" placed below silhouettes of two palm trees and a dog.

17. The Woofbeach Design Mark Federal Registration 4891993 is for dog training services and dog grooming services.

18. Woofbeach has continued to use the Woofbeach Word Mark and the Woofbeach Design Mark in connection with providing dog training and grooming services at its storefront in Batavia, Illinois, since 2012, Geneva, Illinois since 2014 and South Elgin, Illinois since 2015.

19. It has come to the attention of Woofbeach that Holland has been using the name "Beach for Dogs", in addition to a logo containing the name and a silhouette of a palm tree and a dog, in connection with dog training and dog grooming services in Wheaton as well as a second location in Westfield Mall possibly since mid-2015, but the exact first date of which is not known to Woofbeach.

20. Holland's ongoing use of the "Beach for Dogs" business name and logo containing nearly identical graphic elements is deceptive and creates a likelihood of confusion in the minds of consumers as to a possible affiliation or connection of Beach for Dogs with Woofbeach and thereby trades on the goodwill and infringes the rights of Woofbeach in its service marks.

21. At no time has Woofbeach authorized Holland to use a name for dog training and grooming services which contains the word "beach" or a logo which contains the graphic elements of a silhouette of a dog and palm tree.

22. The business operated by Woofbeach and the business operated by Holland both offer dog training and grooming services.

23. The "Beach for Dogs" name and related logo are confusingly similar to the Woofbeach Word Mark and Woofbeach Design Mark and, on information and belief, Holland's use of the Beach for Dogs name and logo has resulted in instances of actual consumer confusion between the two businesses.

24. The services offered by Woofbeach under the Woofbeach Word Mark and Woofbeach Design Mark are of a superior quality and superior presentation than the dog training and grooming services offered by Holland under the "Beach for Dogs" name and related logo.

25. Holland was aware of the Woofbeach Word Mark and Woofbeach Design Mark as Steve Holland was a former customer of the Woofbeach business.

26. Holland's deception in misleading consumers into thinking there is an affiliation or relationship between Woofbeach and Beach for Dogs has been intentional.

27. The continued use of the name, "Beach for Dogs" and related logo by Holland will continue cause confusion in the minds of the consuming public as to the existence of a relationship between Woofbeach's dog training and grooming business and Holland's business, above and beyond such confusion as may already exist.

28. Alternatively, and in addition to the above, Holland's promotion of its "Beach for Dogs" business through the use of a visual logo in containing the silhouette of a dog and palm tree—graphic elements which are nearly identical to the dog and palm tree silhouette in the Woofbeach Design Mark—will cause confusion in the minds of the consuming public as the existence of a relationship between Woofbeach's business and Holland's business, above and beyond such confusion as may already exist.

29. Exhibit C, attached hereto, consists of marketing materials in the form of door hanger advertisements respectively distributed by Woofbeach and Beach for Dogs. The door hanger on the left side of Exhibit C includes the Woofbeach Word Mark as well and the Woofbeach Design Mark; the door hanger on the right in Exhibit A includes the Beach for Dogs name and logo and reflects the confusingly similar name and design elements, in addition to the similarities in the layout of the advertisement.

30. Woofbeach began using its door hangers in marketing its services in late 2014 and, on information and belief, Beach for Dogs began using its door hanger sometime in 2016.

## COUNT I
## Trademark Infringement
## 15 USC §1125(a)

31. Woofbeach realleges and incorporates Paragraph 1 through 30 as Paragraph 31, of this, Count I.

6

32. As alleged with greater particularity above, Woofbeach owns two (2) valid and protectable Service Mark Registrations in the Marks as set forth in Paragraph 9, above (the "Service Marks").

33. Holland is infringing, and will continue to infringe upon Woofbeach's Service Marks by the continued operation of his business under the name "Beach for Dogs" in addition to his use of the related logo, in violation of 15 USC §1125(a).

34. Holland is infringing, and will continue to infringe upon the Woofbeach Service Marks by the promotion of its dog training and grooming business through the use of confusingly similar "Beach for Dogs" name and logo containing design elements, namely the silhouette of a dog and palm tree, in violation of 15 USC §1125(a).

35. Holland's ongoing use of the "Beach for Dogs" name and the use of the corresponding logo has caused or is likely to cause confusion in the minds of the consuming public as to the existence of a relationship between Woofbeach's dog training and grooming business and Holland's dog training and grooming business.

36. As a direct and proximate result of Holland's infringing and deceptive activities and the resulting confusion in the minds of the consuming public, Woofbeach has been, and/or will be damaged and irreparably harmed.

37. Woofbeach possesses no adequate remedy at law to address the irreparable harm occasioned by the infringement of Holland.

38. Unless the use of the "Beach for Dogs" name and related logo by Holland are appropriately enjoined by this court, Holland's infringement and deceptive

practices will continue and expand, thereby causing further damage and irreparable injury to Woofbeach, including but not limited to, loss of good will, damage to its business reputation and loss of potential customers and sales of its services.

## COUNT II
### Illinois Uniform Deceptive Trade Practices Act
### 815 ILCS 510/2

39. Woofbeach realleges each and every allegation pled in Paragraphs 1 through 38, as Paragraph 39 of this, Count II.

40. As alleged with greater peculiarity above, Holland's wrongful misconduct constitutes a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, *et seq.*

## COUNT III
### Illinois Consumer Fraud and Deceptive Trade Practices Act
### 815 ILCS 505/2

41. Woofbeach realleges each and every allegation pled in Paragraph 1 through 40, as Paragraph 41 of this, Count III.

42. As alleged with greater particularity above, Holland's wrongful misconduct constitutes a violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, *et seq.*

## COUNT IV
### Tortious Interference with Prospective Economic Advantage

43. Woofbeach realleges each and every allegation pled in Paragraph 1 through 42, as paragraph 43 of this, Count IV.

44. On information and belief, on multiple occasions prospective customers of Woofbeach seeking dog training and/or dog grooming services from Woofbeach attempted to contact Woofbeach and instead inadvertently reached Holland or one of his employees or agents. Further, on information and belief, instead of clarifying that Holland's dog training and/or dog grooming services were separate and distinct from those of Woofbeach, Holland attempted to keep the prospective customers for own business.

45. Woofbeach had a reasonable expectation of entering a valid business relationship with the aforesaid prospective customers of Woofbeach.

46. Holland was aware that the prospective customers were seeking dog training and/or dog grooming services from Woofbeach.

47. Holland's failure to distinguish the dog training and/or dog grooming services offered by his business from those of Woofbeach, the intended service provider, and instead redirect said prospective customers to his own business, constituted purposeful interference by Holland that prevented Woofbeach's expectation from ripening into a business relationship.

48. As a result of Holland's interference with the business expectancy of Woofbeach, Woofbeach was thereby damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Woofbeach, Inc., respectfully requests that this Court enter a decree in its favor and against Defendants, Steve Holland, individually, and d/b/a Beach for Dogs, Beach for Dogs Aurora, Inc., and Beach for Dogs Corporation, granting the following relief:

1. Permanently enjoining and restraining Defendants, Steve Holland, individually, and d/b/a Beach for Dogs Aurora, Inc., and Beach for Dogs Corporation, from:

   a. Using the "Beach for Dogs" name and related logo in any way in connection with their competing dog grooming services businesses; and,

   b. Doing any other act or thing likely to induce the belief that Defendants' "Beach for Dogs" business and services are in any way connected with Plaintiff's "Woofbeach" business or services, or are sponsored or approved by Plaintiff.

2. Directing Defendant to:

   a. account for and pay over to Plaintiff all profits derived by Defendants from their acts complained of herein, together with prejudgment interest;

   b. pay to Plaintiff all the damages it has suffered as a result of the act Defendant complained of herein, including compensatory damages and an assessment of trebled actual damages, together with prejudgment interest;

   c. pay to Plaintiff its attorneys' fees and costs in this action; and,

   d. file with this Court and serve on Plaintiff's counsel, within thirty (30) days after entry of an injunction issued by this Court, a sworn written statement as provided in 15 U.S.C. §116.

3.	Awarding Plaintiff all relief available under the Illinois Uniform Deceptive Trade Practices Act and Illinois Consumer Fraud and Deceptive Trade Practices Act as a result of Defendants' acts as complained of herein; and,

4.	Awarding such further relief as this Court deems just and equitable.


					Respectfully Submitted,
					Woofbeach, Inc.


			By:	/s/Karl L. Felbinger Jr.
				One of its attorneys


Jeffrey C. Blumenthal
ARDC #3124049
Karl L. Felbinger Jr.
ARDC #6212222
Jeffrey C. Blumenthal Chartered
2970 Maria Avenue, Suite 223
Northbrook, Illinois 60062
Telephone: (847) 498-3220
Facsimile: (847) 498-3221
E-mail: jeffrey@jcblawyer.com
kfelbinger@gmail.com